UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY MCINNIS, ET AL.                                              CIVIL ACTION

VERSUS

LIBERTY MUTUAL FIRE                                               NO. 19-00012-BAJ-EWD
INSURANCE COMPANY

### RULING AND ORDER

This flood insurance dispute arises from the historic Baton Rouge flood of August 2016. Before the Court is Defendant Liberty Mutual Fire Insurance Company's **Motion for Summary Judgment (Doc. 20),** seeking dismissal of Plaintiffs' claims under 42 U.S.C. §4072 and Article VII(R) of the Standard Flood Insurance Policy (SFIP) as time barred and duplicative and redundant with the breach of contract claim. The Motion is opposed (Doc. 24). For the reasons offered, Defendant's Motion is **GRANTED**.

I.  FACTS

On August 16, 2016, Plaintiffs reported a loss to their property due to the flooding that occurred in the Baton Rouge area on or about August 13, 2016. Defendant acknowledged the flood claim and assigned the loss to an independent adjuster. The adjuster inspected the property on August 24, 2016 and prepared a building estimate in the amount of $122,576.00 and a contents loss amount of $26,217.56. Plaintiffs submitted a signed and sworn proof of loss statement reflecting those amounts less the deductible. Defendant issued payment to Plaintiffs in those amounts based on the adjuster's recommendations.

1

On November 20, 2016, Defendant sent a letter to Plaintiffs stating that "content items that were not supported by photographs were not able to be included in [their] claim." (Doc.20-5, p.1). The November 20, 2016 letter also advised Plaintiffs of their appeal rights and the time frame to do so. *Id*. Plaintiffs appealed the denial of the claim for additional contents to Federal Emergency Management Agency. (Doc. 20-2, ¶16). On June 26, 2017, FEMA responded to Plaintiffs' appeal, concurring with Defendant's decision to deny additional contents payments. (Doc. 20-2 ¶17). On December 26, 2017, Plaintiffs sent Defendant a revised proof of loss and replacement cost proof of loss in the amount of $247,749.15. (Doc.24-3). On January 8, 2018, Defendant responded by letter acknowledging receipt of Plaintiffs' second Proof of Loss Statement and stated that "[a] letter was previously sent to the insured denying payment for contents items that were not supported by photographs." (Doc. 24-4, p.1). After receiving this letter Plaintiff filed suit on January 8, 2019. (Doc. 1).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* FED. R. CIV. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997) (citation omitted).

## III. ANALYSIS

### A. Whether Plaintiffs' Lawsuit is Time Barred

The United States Court of Appeals for the Fifth Circuit established that the SFIP "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). "The terms of the SFIP are dictated by FEMA, and cannot be waived or modified by [any party]," *including* the defendant insurer. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 388 (5th Cir. 2005).[1] These strict rules of construction *cannot* be relaxed, even if a harsh result follows. *Id.* at 387 (5th Cir. 2005) (discussing *Gowland*, 143 F.3d at 955); *accord Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 782 (5th Cir. 2019)

---

[1] The SFIP itself expressly states that its terms "cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator." SFIP, art. VII(D) (Amendments, Waivers, Assignment).

3

("[N]ot even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of a *regulation*, for to do so would disregard the duty of all courts to observe the conditions defined by Congress for charging the public treasury." (*quoting Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998)).

Defendant is a Write-Your-Own Program carrier authorized to issue the SFIP under its logo pursuant to the agreement between itself and the FEMA. Article IX of the Standard Flood Insurance Policy specifically provides that Plaintiff "may not sue . . . to recover money under this policy unless [they] have complied with all the requirements of the policy." 42 U.S.C. Section 4072 provides that a claimant "may institute an action only within one year after the date of mailing of notice of disallowance or partial disallowance." *Bourgue v. National Flood Insurance Program*, 480 F.Supp. 3d 733 (M.D. La. May 10, 2018); *see also* 42 U.S.C. § 4072. And failure to file a lawsuit within one year of the written denial of the flood loss claim bars recovery. *Cohen v. Allstate Ins. Co.*, 924 F.3d 776 (5th Cir. 2019).

Defendant contends that Plaintiffs' claim is time barred because on November 20, 2016, Defendant mailed a letter to Plaintiffs denying coverage for contents items that were not supported by photographs. (Doc. 20–2 ¶15). However, Plaintiffs contend that Defendant did not issue a denial of a Proof of Loss until January 8, 2018. (Doc.24–4). The issue is whether the November 20, 2016 or January 8, 2018 letter constitutes "a written denial" that triggers the one-year limitation period under the National Flood Insurance Act of 1968 for filing breach of contract suit against Defendant.

The Fifth Circuit has determined that a letter from a private flood insurer denying coverage for insured property amounted to an effective "denial of all or part of insured claim" and acted as the trigger for the one-year limitation period. *Cohen*, 924 F.3d at 781. The court reasoned that the letter acted as the trigger because it denied coverage for all or part of plaintiff's personal property and expressed a willingness to reconsider upon receipt of additional documentation. *Id.*

Here, the language in the November 20, 2016 letter acted as the trigger for the one-year limitation period. The letter stated that "Federal Law allows you to appeal this decision within 60 days of the date of *this denial letter*." (Doc.20–5, p.1) (emphasis added). Like the letter in *Cohen*, it denied coverage for all or part of Plaintiffs' property claims, while expressing a willingness to reconsider that disposition upon receipt of additional documentation. (Doc.20–5); *see also Cohen*, 924 F.3d at 782. Moreover, the January 8, 2018, letter stated that "[a] letter was previously sent to the insured denying payment for content items that were not supported by photographs." (Doc.24–4, p.1). In fact, it also stated that its previous denial stands. *Id.* Therefore, Plaintiffs had one year from November 20, 2016, when they received the letter, or until November 20, 2017 to file suit under 42 U.S.C. § 4072 and Article VII(R) of the SFIP. Accordingly, Plaintiffs' lawsuit is barred as untimely because they did not file suit until January 8, 2019.

### B. Declaratory Judgment

Considering the Court's determination that Plaintiffs' lawsuit is time barred, this portion of Defendant's Motion for Summary Judgment is rendered moot.

5

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above captioned action is **DIMISSED WITHOUT PREJUDICE**, with judgment to follow.

Baton Rouge, Louisiana, this 16th day of December, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**